Taft, J.
 

 The Court of Appeals affirmed the judgment of the Common Pleas Court on the ground that, plaintiff was an employee of defendant under the Workmen’s Compensation Act, so that plaintiff’s ac
 
 *248
 
 tion was barred by Section 1465-70, General Code, prohibiting any action “against an employer” complying with certain provisions of the act “for any injury * # * of an employee arising out of his employment by such employer.”
 

 In
 
 Coviello
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 589, 196 N. E., 661, the syllabus reads in part:
 

 “3. To constitute the relationship of employer and employee under the workmen’s compensation law there must be a contract of hire express or implied.
 

 “5. It is impossible to have a ‘contract for hire’ without an obligation that the person denominated the employer pay the person employed.”
 

 The
 
 Coviello case
 
 involved a construction of Section 1465-61 (2) defining the word “employee” in the Workmen’s Compensation Act. That statutory language has not been changed.
 

 This raises the question as to whether there was a contract for hire between the plaintiff and the defendant under which the defendant was obligated to pay the plaintiff anything. If there was not, then plaintiff’s action is not barred by Section 1465-70, General Code, because the injury, for which recovery is sought, was not an “injury * * * of any employee,” within the meaning of that section.
 

 Ordinarily, where one person renders services at another’s request and there is no express agreement relative to payment therefor, the person rendering the services may recover for the reasonable value thereof. In such an instance, recovery is allowed because the trier of the facts may fairly infer, as a matter of fact, that a contract existed between the parties under which one was to pay a reasonable amount for the services rendered by the other.
 
 Columbus, Hocking Valley & Toledo Ry. Co.
 
 v.
 
 Gaffney,
 
 65 Ohio St., 104, 114, 61 N. E., 152. Obviously, where there are additional
 
 *249
 
 facts and circumstances which make it appear more reasonable that the parties did not understand that they sustained to each other such a contractual relation, the justification for such an inference will not be present.
 
 Railroad Co.
 
 v.
 
 Lee,
 
 37 Ohio St., 479. Thus, it is well settled that there may be circumstances, other than kinship or domestic ties existing between the parties, which repel any inference of an agreement to pay for such services. Annotation, 54 A. L. R., 548.
 

 The testimony of plaintiff’s father, as to the arrangements made for this work, indicated that he understood that the charge made for the work would be based on the time involved in doing it. Turner’s testimony indicated that the charge was made on that basis. The help rendered by plaintiff and by his father would tend to reduce the time involved in getting the truck out of the mire. This was time for which plaintiff’s father would be required to pay. It would seem reasonable, therefore, that neither plaintiff nor his father would have rendered their help with any expectation of receiving pay from the defendant, since the source of such pay would necessarily be an additional amount which plaintiff’s father would then be charged for the work. For the same reason, the defendant would not reasonably anticipate that either plaintiff or his father expected compensation for their help.
 

 Defendant contends that no consideration may be given to the testimony of plaintiff that he did not expect to be paid or to the testimony of Turner, tending to indicate that he did not contemplate that plaintiff was to receive any compensation. Defendant argues that parties to a contract are bound by what they do and say and cannot contradict the meaning, which they have thereby expressed, by denying that they intended such a meaning. If every word and act
 
 *250
 
 had but one permissible meaning, it would never be necessary, in considering the formation of contracts, to inquire into the intent of a speaker or actor. However, that is not always the case. Therefore, if an expression, in view of the circumstances under which it was used, may fairly mean either one of .two things, each party is at liberty to attach thereto the one of those meanings which he had, at least unless he was in some way responsible for the other party’s mistake in attaching thereto the other meaning . See I Willis-ton on Contracts, 298, 299, Section 95.
 

 In the instant case, even if we assume that the words and acts of Turner and the plaintiff, in view of the circumstances, may fairly be found to mean that Turner intended to obligate defendant to pay plaintiff for his services and plaintiff intended to charge defendant for his services, it is clear that they may also fairly be found to mean that Turner did not intend to obligate defendant to pay plaintiff for his services and that plaintiff did intend to render those services for the defendant without any charge therefor. That being so, the testimony of Turner as to what he meant by what he did and said, as well as the testimony of plaintiff as to what he meant by what he did and said, would appear to be admissible. Such testimony would definitely negative the existence of any implied contract, under which defendant would be obligated to pay plaintiff anything for what he did.
 
 Columbus, Hocking Valley & Toledo Ry. Co.
 
 v.
 
 Gaffney, supra.
 

 The Common Pleas Court, relying. upon
 
 General Ry. Signal Co.
 
 v.
 
 Valois, Admr.,
 
 25 C. C. (N. S.), 423, arrested the case from the jury and rendered judgment for defendant on the ground that plaintiff was a volunteer to whom defendant owed no duty to furnish reasonably safe tools.
 

 In support of the decision of the Common Pleas
 
 *251
 
 Court, defendant contends that, if plaintiff was not an employee, he must have been a volunteer, and, if he-was a volunteer, defendant owed him no duty except not to wantonly or willfully injure him.
 

 It is not necessary to determine whether plaintiff could be an employee of defendant without being an employee of defendant within the meaning of the Workmen’s Compensation Act. We do not believe that it necessarily follows that, because plaintiff was not an employee of defendant, defendant did not owe plaintiff a duty to use ordinary care in furnishing him a safe tool.
 

 It is generally held that the occupier of premises, who invites another to enter upon the premises for some purpose of interest or advantage to such occupier, owes to the person so invited a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation. 38 American Jurisprudence, 754, Section 96. The reason for imposing this duty, with respect to invitees and not with respect to licensees or trespassers, is that the invitee is on the premises for a purpose of interest or advantage to the occupier. In the instant case, plaintiff was asked by Turner to use the sledge and steel shaft for a purpose of interest and advantage to the defendant. Turner had been specifically authorized by the defendant to call upon others for such help when he needed it. The same reasons, which justify imposing upon the occupier of land a duty to an invitee to use ordinary care with respect to his premises, justify imposing upon this defendant a duty to use ordinary care with respect ,to the tools furnished to the plaintiff to enable the plaintiff to perform the services which he was rendering to help the defendant.
 
 Hilleary
 
 v.
 
 Bromley,
 
 146 Ohio St., 212, 216, 217, 64 N. E. (2d), 832.
 

 
 *252
 
 Our conclusion is that, where one party requests another party to render assistance for some purpose of interest or advantage to the first party and the first party furnishes to the second party a tool to use in the performance of such assistance, the first party is under a duty to the second party to use ordinary care either to have such tool in a reasonably safe condition for use by the second party in a manner consistent with the purpose of the assistance to be given or to warn if such tool is not in such safe condition.
 

 In many of the cases where the question has arisen as to whether a party, who has been requested to render assistance, was or was not a volunteer, there was no showing, as in the instant case, that the servant or employee who requested the assistance had any authority to make such a request. For this reason, in determining that the person so assisting was not a volunteer, this court has sometimes stressed the fact that the person called upon to render assistance had “some purpose or benefit to be subserved in his own behalf in addition to the purpose of so assisting.”
 
 Cleveland Terminal & Valley Rd. Co.
 
 v.
 
 Marsh,
 
 63 Ohio St., 236, 58 N. E., 821, 52 L. R. A., 142;
 
 Street Ry. Co.
 
 v.
 
 Bolton,
 
 43 Ohio St., 224, 1 N. E., 333, 54 Am. Rep., 803. That problem is not involved in the instant case if, as Turner testified, he was specifically authorized by the defendant to call upon others for help when he needed it.
 

 , It is not necessary to consider, and this court has not considered, the specifications of negligence, other than that involving the failure of defendant to furnish a safe tool to the plaintiff.
 

 For the reasons hereinbefore set forth, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.
 

 Judgment reversed.
 

 
 *253
 
 Zimmerman, Stewart, Middleton and Hart, JJ., concur.
 

 Weygandt, O. J., and Matthias, J., concur in paragraphs one, five and six of the syllabus and in the judgment.