Taft, J.,
concurs in paragraph one of the syllabus and in the judgment.
Taft, J., concurring. I have considerable doubt as to whether the facts stated in paragraph two of the *51 syllabus are such as to require a finding, as a matter of law, that the plaintiff was “a guest * * * being transported without payment therefor” within the meaning of those words as used in Section 6308-6, General Code. However, there are additional undisputed facts in the instant ease which require such a finding.
Ordinarily, if a repairman is to repair an owner’s car and, in addition thereto, transport the owner from the repairman’s^ place of business to a place where the car owner djesires to go, the trier of the facts should be permitted to infer that the ear owner has impliedly agreed to pay a reasonable amount not only for the work on his car but also for such transportation. However, additional facts and circumstances may repel any such inference of an agreement to pay for such transportation. See paragraphs two, three and four of the syllabus in Drexler v. Labay, 155 Ohio St., 244.
In the instant case, the undisputed evidence shows that (1) there was a very close friendly relationship between the decedent and the plaintiff and (2) the transportation was only an element in enabling the plaintiff to secure the benefit which he desired of having his car repaired within a definite and limited time. If those facts had been included in paragraph two of the syllabus in the instant case, then the facts set forth in that paragraph of the syllabus would have completely negatived any inference, which might otherwise have been drawn, of an agreement by the plaintiff' to pay the decedent for the transportation which resulted in the plaintiff’s injuries.