William W. LENTZ, Plaintiff-Appellee,

v.

HAYES FREIGHT LINES, INC., an Illinois corporation, Defendant-Appellant.

No. 13518.

United States Court of Appeals
Seventh Circuit.

April 25, 1962.

William C. Wines, Michael A. Gerrard, Chicago, Ill., for appellant.

Leo K. Wykell, Chicago, Ill., for appellee.

Before SCHNACKENBERG and KILEY, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

Hayes Freight Lines, Inc., an Illinois corporation, defendant, has appealed from a judgment of the district court for $15,000, entered in a personal injury action brought against it by William W. Lentz, a citizen of Delaware, plaintiff. The case was tried by the court without a jury.

The accident occurred in Cleveland, Ohio in defendant's freight terminal on February 6, 1958, when plaintiff and John Lentz, his brother, employees of Midwest Truck Lines,[1] arrived there, driving their employer's tractor and trailer. Pursuant to instructions from an employee of Midwest, they took the tractor and trailer to the terminal garage of defendant for fueling, which was charged to Midwest.[2] This accomplished, they went out for a meal and, upon their return, they decided to wash the tractor which was dirty. For that purpose they went into the garage to use a steam jenny belonging to Hayes. The mechanic who had dispensed the fuel to them, when asked if they could use the steam jenny, told them that it was broken and that they could bring their truck in and wash it. He got them a bucket, soap and a hose. Plaintiff washed, while John rinsed.

To wash the *top* of the tractor, plaintiff asked the mechanic if he had a ladder and the mechanic said he had one "against the wall", which he got and placed against the tractor, whereupon plaintiff climbed the ladder to where he could reach up on the top.

The side pieces of the ladder extended above the top of the tractor 7 or 8 inches. The top rung was 2 or 3 inches above the top edge of the tractor. When plaintiff went up the ladder he stepped over to the side of it at the top rung, so as to hold the side pieces, stepping out with his left foot on top of the tractor, and climbed up. After washing and rinsing the top of the cab of the tractor, he handed his brother the hose, then walked to the side where the ladder was leaning, turned with his back to the ladder, crouched down, grabbing hold of the side pieces thereof and stepped on the top rung. He thereupon "went over backwards". He landed on his back and head on the concrete.

The ladder was ordinary, of 10 feet length with the top rung broken, not quite in the center. The break was in splinters, on a slant or angle.

Over defendant's objections, the district court heard the testimony of the brother of an alleged conversation between him and the mechanic after plaintiff had been hurt and removed to a hospital.

According to the brother, this conversation occurred after he returned from the hospital. The mechanic moved the ladder and the brother asked "what was the matter?" The mechanic said "Well the rung had been broken and I have been meaning to saw the top two rungs off of it for the last two weeks. Now I am going to do it." So he went over and got a saw and sawed it off.

1. It is defendant's contention that the plaintiff's and his brother's version of the accident was such that the plaintiff could not possibly have been standing

---

1. Variously referred to by other names.

2. Midwest's office also instructed plaintiff to pick up a load for Columbus at the terminal.

upon the top rung of the ladder and holding the sides of the ladder with both hands, as he says that he did, and that the accident could not have happened in any such manner as the plaintiff and his brother describe it as having occurred. However, we are convinced that the accident happened in exactly the way that plaintiff indicates.

■ 2. It is asserted by both parties and not denied by either that the substantive law of Ohio, where the accident occurred, governs in this case. There the alleged tort was committed.

■ We hold that, under Ohio law, plaintiff was a business visitor on defendant's premises. As an employee of Midwest, which serviced its trucks in defendant's garage, his presence there on defendant's premises was obviously of incidental interest and advantage to defendant who owed a duty to use ordinary care. Therefore as a mutual business interest was being served by the presence of plaintiff on defendant's premises, defendant owed to him as an invitee a duty of reasonable inspection to ascertain that the conditions of its premises and chattels furnished for use by plaintiff were free of danger. Drexler v. Labay, 155 Ohio St. 244, 98 N.E.2d 410, 414 (1951).

■ The physical nature of the break in the ladder, as shown by the evidence, was such as to indicate that it had existed for some considerable time prior to the accident. The ladder was furnished to plaintiff by the mechanic who appears to have been the only person in charge of defendant's garage on the occasion in question.

■ Immediately after the accident this mechanic sawed off the defective rung, and, over objection, evidence of what he said at that time was admitted. In our opinion this evidence of his statement was not necessary to support plaintiff's recovery in this case and, inasmuch as the case was tried by the court without a jury, we will presume that this evidence did not affect the court's decision. Her-

lihy Mid-Continent Co. v. Northern Ind. Pub. Serv. Co., 7 Cir., 245 F.2d 440, 444.

From the facts which we have set forth a duty was imposed on defendant, when asked for a ladder, not to furnish to plaintiff a ladder whose defective condition would have by reasonable inspection been detected by defendant's employee in charge of the garage. If there was any reason why such inspection would have been unavailing, it does not appear from the record; defendant introduced no evidence.

For these reasons the judgment of the district court is affirmed.

Judgment affirmed.