OPINION
Plaintiffs-appellants Charlotte McKinney, et al. appeal the Judgment Entry of the Delaware County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Polaris Amphitheater Limited Partnership.
 STATEMENT OF THE FACTS AND CASE
On June 4, 1994, appellant Charlotte McKinney (hereinafter "appellant") was hired by Ogden as a bartender. Appellant was given an Ogden uniform, and trained for a job at the Polaris Amphitheater. On June 15, 1994, Ogden and appellee entered into an agreement, whereby appellee would take over the concession activities at the amphitheater facility. Under the terms of this agreement, appellee became the exclusive and sole employer of the individuals Ogden had hired. Appellee paid the social security, unemployment, state and federal withholding taxes, and workers' compensation for these employees. Furthermore, appellee paid their wages.
During the course of the 1994 concert season, the employees, who were transferred to appellee by Ogden, remained appellee's employees. Appellee controlled the concessions business, while Odgen provided consultation on the operation of the concessions facilities. Appellant was never informed of the change in her employer, however, she did receive paychecks issued by appellee during the summer of 1994. When appellant asked her supervisor about the Polaris name on her paychecks, she was told it was a name used for accounting purposes only.
On August 4, 1994, appellant was scheduled to work a special event. Prior to the commencement of the event, a gust of wind knocked over the tent under which appellant was working. As a result, a large cooler fell on appellant, causing injury. Appellant filed a workers' compensation claim, appellee as her employer. Appellant received and continues to receive Workers' Compensation benefits under appellee's Workers' Compensation policy.
In November, 1995, appellant filed a motion with the Ohio Industrial Commission contesting her status as an employee of appellee. The motion was denied. On two subsequent occassions, appellant appealed this decision to the Commission. The Commission affirmed the decision each time.
On July 31, 1995, appellant filed a complaint in the Delaware County Court of Common Pleas alleging appellee was negligent in failing to warn of impending severe weather, and failing to evacuate the tent under which appellant was located. On July 18, 1997, appellee filed a motion for summary judgment. Via Judgment Entry dated August 15, 1997, the trial court granted appellee's motion for summary judgment.
It is from this judgment entry appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
In her sole assignment of error, appellant argues the trial court erred in granting summary judgment to appellee. Appellant explains, because she was not an employee of appellee on August 4, 1994, her suit against appellee is not barred by R.C. 4123.74.
Summary judgment motions are to be resolved in accord with Civ.R. 56. Civ R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine Issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
It is based upon this standard, we review appellant's assignment of error.
The determinate issue in this case is whether appellant was an employee of appellee. If so, appellant is barred under R.C.4123.74 from recovering beyond her Workers' Compensation benefits for the injury she sustained in the course of her employment.
R.C. 4123.74 states, in pertinent part:
 Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.
An individual, who is found to be an employee of a given entity, may recover compensation for an injury occurring in the course of and arising out of her employment with the entity only through the Workers' Compensation System. See, Waller v. Mayfield
(1988), 37 Ohio St.3d 118; Jones v. Multi-Color Corp.(1995),108 Ohio App.3d 388. See, also, R.C. 4123.74.
An employer-employee relationship is created by a contract for hire. A contract of hire arises when there is an obligation on the part of one party to pay compensation for labor to the individual providing services. Doyle v. Mayfield (1988), 48 Ohio App.3d 113,114. A contract of hire also has traditionally required the express or implied consent of both parties. Drexlerv. Labay (1951), 155 Ohio St. 244. Appellant contends an employer-employee relationship between appellee and her was not created because a contract of hire never existed between them.
In this case, appellee became obligated to pay appellant for her services upon the signing of the June 15, 1994 Agreement with Ogden. The record indicates appellant's pay checks during the summer of 1994, bore the name "Polaris Concessions".Appellant argues the fact she was told the name on her paychecks was for accounting purposes only, and the fact she thought she still worked for Ogden are dispositive in determining her employer. Because appellant did not know she worked for appellee, she contends she cannot be considered an employee of appellee.
Appellant's claim that the consent of an employee is always required in order to form an employment contract is without merit.Drexler, supra, and the cases following it, contemplate situations in which there is uncertainy as to whether two persons agreed to enter into a contract, or whether the persons were merely performing gratuitous services for one another. In Drexler,surpra, a young boy was asked to assist a laborer, who was employed by the boy's father, to put a roof on a chicken house.Id. at 246. The Supreme Court held there was no implied consent between the boy and the laborer to a contractual relationship or obligation on the laborer's part to pay for the services rendered. The focus of the Court's analysis was whether the boy assisted the laborer gratuitously or in expectation of payment. Where it is unclear whether the individuals have agreed to perform a service for compensation, it would be unreasonable for a court to "thrust" an employment relationship upon those involved.
The instant case is distinguishable from the cases in which an employment relationship is "thrust" upon unwilling participants. Appellant knowingly agreed to perform certain services for compensation. Appellee knowingly agreed to provide compensation in exchange for these services. Neither party was under any illusions about their responsibility to provide compensation or render services. Furthermore, it is not averred the terms and conditions of employment changed when appellee and Ogden entered into the Agreement. Appellant does not aver the change in employer from Ogden to appellee would have impacted her decision to continue working for appellee. The only difference for appellant was the name on her paychecks. As such, we find no reason appellant's consent was required before an employment contract formed between her and appellee. The element of involuntary obligations being thrust upon individuals, which was the dispositive factor in Drexler, supra, is not present in the instant action.
Appellee does not dispute what appellant claims she was told about her paychecks or who appellant believed was her employer. The dispute is whether, as a matter of law, an employer-employee relationship existed between appellant and appellee. Appellant's specific consent to an employer-employee relationship with appellee was not required in this case. Therefore, because appellant performed services for appellee, and appellee compensated her for those services, reasonable minds could only conclude that appellant was an employee of appellee on August 4, 1994.
The trial court did not err in granting summary judgment in favor of appellee.
Appellant's assignment of error is overruled.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.