DECISION AND JUDGMENT ENTRY
{¶ 1} Denise Huffman appeals the trial court's judgment entered upon a jury verdict in favor of Paula Eastley, administrator of the estate of Steven Hieneman *Page 2 
("Eastley"). Huffman contends that the court erred when it denied her motion to dismiss, denied her request for an indefinite stay of proceedings, and failed to instruct the jury on the issue of comparative negligence. She further contends that the jury's verdict was against the manifest weight of the evidence. However, because an outstanding claim against a co-defendant and a claim for punitive damages remain undecided, the trial court's judgment does not constitute a final, appealable order. Thus, we lack jurisdiction to consider this appeal and must dismiss it.
 I. Facts {¶ 2} In January 2003, Steven Hieneman, became a patient at Tri-State Healthcare, a pain management clinic owned by Huffman. He received treatment from Paul Volkman, M.D., who gave Hieneman prescriptions for oxycodone, xanax, and valium on April 19, 2005. The next day, Hieneman died due to the acute combined effects of these drugs.
 {¶ 3} Eastley filed a complaint for Hieneman's wrongful death, naming Volkman, Tri-State Healthcare, LLC ("Tri-State LLC"), and various John Does as defendants. She alleged that Volkman committed medical malpractice by prescribing excessive and contra-indicated dosages of the three drugs, proximately resulting in Hieneman's death. She further alleged that Tri-State LLC and the John Does were vicariously liable for Volkman's conduct. Tri-State LLC filed a cross-claim against Volkman, seeking indemnification or contribution. Volkman then filed a cross-claim against Tri-State LLC.
 {¶ 4} After learning that the clinic was not in fact an LLC at the time of Hieneman's death, Eastley filed a motion to amend the complaint, which the court granted. Though titled as a motion for leave to "add additional parties" to the complaint, *Page 3 
the amended complaint in fact removed Tri-State LLC as a defendant and added Denise Huffman, dba Tri-State Healthcare, as a defendant. The amended complaint also altered several factual allegations from the original complaint and added new claims. In addition to the original claims against Volkman and the John Does, Eastley alleged that Huffman acted negligently and that Huffman and Volkman were vicariously liable for each other's conduct. She further alleged that the John Does were vicariously liable for the conduct of both Volkman and Huffman. Eastley's amended complaint also included a prayer for punitive damages.
 {¶ 5} Although Huffman filed an answer to the amended complaint, Volkman failed to do so even after the court granted him additional time. Volkman did not attempt to amend his cross-claim against former defendant Tri-State LLC. Huffman did not file a cross-claim against Volkman.
 {¶ 6} State Farm Fire and Casualty Company ("State Farm") filed a motion to intervene as a third-party defendant, which the court granted. State Farm had issued a business insurance policy that was in effect on the date of Hieneman's death, to Denise Huffman, dba Tri-State Healthcare. State Farm filed a complaint for declaratory judgment, asking the court to declare that State Farm had no obligation to defend or indemnify Tri-State LLC or Volkman against Eastley's claims. By the time State Farm filed its complaint, Eastley had filed the amended complaint, which removed Tri-State LLC as a party.
 {¶ 7} State Farm also filed a motion to bifurcate the declaratory judgment claim from the underlying wrongful death action and to stay proceedings on the declaratory judgment claim pending the outcome of criminal proceedings instituted against Volkman *Page 4 
and Huffman. The court granted the motion to bifurcate. However, the court decided to hold State Farm's motion to stay in abeyance until the tort claims were resolved.
 {¶ 8} Although Eastley apparently did not pursue her vicarious liability claims at trial, a jury found in favor of Eastley against both Huffman and Volkman on the negligence claims. The jury awarded $500,000.00 in damages, and the trial court entered a judgment in that amount against Huffman and Volkman, jointly and severally. In its judgment entry, the trial court did not expressly state that there was no just reason for delay of an appeal.
 {¶ 9} After the trial court entered its judgment, Huffman filed this appeal. Subsequently, State Farm requested leave from the trial court to file a motion for summary judgment on the declaratory judgment claim. The trial court granted State Farm's request and set the matter for judicial determination on December 11, 2008.
 II. Assignments of Error {¶ 10} Huffman raises five assignments of error.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT.[1]
 II. THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY REGARDING THE AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE.
 III. THE JURY'S VERDICT AGAINST APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS TO STAY DISCOVERY PROCEEDINGS AND CONTINUE THE TRIAL DATE PENDING RESOLUTION OF HER CRIMINAL PROCEEDINGS.
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION *Page 5 
TO DISMISS THE CASE BECAUSE APPELLEE FAILED TO ATTACH A CERTIFICATE OF MERIT TO BOTH THE ORIGINAL COMPLAINT AND THE AMENDED COMPLAINT.
 III. No Final, Appealable Order {¶ 11} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. Eddie v. Saunders, Gallia App. No. 07CA7,2008-Ohio-4755, ¶ 11. In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte. Sexton v. Conley
(Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, *2. During oral argument, we ordered the parties to submit supplemental briefs concerning our jurisdiction.
 {¶ 12} An order must meet the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable, to constitute a final, appealable order.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Hamilton Cty. Bd. ofMental Retardation Developmental Disabilities v. Professionals Guildof Ohio (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260. *Page 6 
 {¶ 13} Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ. R. 54(B) to qualify as a final, appealable order. Under Civ. R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, 96,540 N.E.2d 1381; see Civ. R. 54(B). The purpose of Civ. R. 54(B) is "`to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal."Pokorny v. Tilby Dev. Co. (1977), 52 Ohio St.2d 183, 186, 370 N.E.2d 738
(citations omitted).
 {¶ 14} Here, the case obviously involves both multiple claims and multiple parties. After Eastley filed the complaint, Tri-State LLC and Volkman filed cross-claims against each other. However, in the amended complaint, Eastley removed Tri-State LLC and added Huffman as a defendant. A cross-claim may only be brought by a party against a co-party. Civ. R. 13(G). Therefore, when Eastley removed Tri-State LLC as a party, the cross-claims brought by and against Tri-State LLC became moot. Accordingly, these cross-claims do not prevent the judgment from becoming final and appealable. See, e.g., Gen. Acc. Ins. Co. v. Ins. Co.of N. Am. (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266.
 {¶ 15} In addition, Eastley filed suit against multiple John Doe defendants. The *Page 7 
judgment entry does not address these claims. However, Eastley did not amend the complaint under Civ. R. 15(D) to properly name these defendants and did not obtain service on these defendants within the time prescribed by Civ. R. 3(A). Therefore, Eastley never commenced an action against the John Doe defendants, and these claims do not prevent the judgment from becoming a final, appealable order. Blanton v. Alley
(2003), Pike App. No. 02CA685, 2003-Ohio-2594, ¶ 29.
 {¶ 16} Intervening defendant State Farm sought a declaration that it had no obligation to defend or indemnify Tri-State LLC or Volkman against Eastley's claims. Again, we note that in the amended complaint, Eastley removed Tri-State LLC as a defendant and added Huffman as a defendant. In filings made by State Farm after it filed the declaratory judgment action, State Farm indicates that it requested a declaration that it owed no duty to defend or indemnify Huffman. However, the record does not indicate that State Farm ever sought to amend its declaratory judgment action to reflect the change in parties. Because Tri-State LLC is no longer a party to this action and did not exist at the time Eastley's claims arose, if ever, [2] the declaratory judgment action concerning Tri-State LLC is moot. See, e.g., Elite Designer Homes, Inc.v. Landmark Partners, Summit App. No. 22975, 2006-Ohio-4079, ¶ 23. However, the trial court did not dispose of the declaratory judgment action concerning Volkman, and it is not moot. Moreover, the court did not expressly state in its judgment the mandatory Civ. R. 54(B) language that there was no just reason for delay. Thus, the court's entry on the jury's verdict is not a final, appealable order.
 {¶ 17} Furthermore, the trial court did not resolve Eastley's prayer for punitive damages in her amended complaint. "A determination of liability without a determination *Page 8 
of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves."Shelton v. Eagles Foe Aerie 2232 (Feb. 15, 2000), Adams App. No. 99CA678, 2000 WL 203857, *1, citing Horner v. Toledo Hosp. (1993),94 Ohio App.3d 282, 290, 640 N.E.2d 857. "Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists." Adkins v. Bratcher, Washington App. No. 06CA53, 2007-Ohio-3587, ¶ 11, citing In re Sites, Lawrence App. No. 05CA39, 2006-Ohio-3787, ¶ 16; Miller v. First Internal. Fid. TrustBldg., Ltd., 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, ¶ 36. Thus, Eastley's outstanding claim for punitive damages provides a second reason why the trial court's entry on the jury's verdict is not a final, appealable order.
 {¶ 18} Accordingly, we dismiss this appeal for lack of a final, appealable order.
 APPEAL DISMISSED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, P.J.: Concurs in Judgment Only.
[1] Huffman withdrew this assignment of error in her reply brief because she failed to renew her motion for a directed verdict at the close of all evidence.
[2] The record is unclear concerning whether Huffman ever established the clinic as an LLC. *Page 1