[Cite as *White v. Emmons*, 2011-Ohio-1745.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


MICHAEL WHITE, et al.,

                                  :

    Plaintiffs-Appellants,                  Case No.   10CA3340

                                  :

    vs.

                                  :

BRENDA EMMONS et. al.,         DECISION AND JUDGMENT ENTRY    :


    Defendants-Appellees.
_____

APPEARANCES:

COUNSEL FOR APPELLANTS:   Marie Moraleja Hoover, and R. Tracey Hoover, 621
                                             Seventh Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEES,     Lynn Alan Grimshaw, 8055 Hayport Road,
BRENDA, JEFFREY &          Wheelersburg, Ohio 45694
CHARLES EMMONS, JR.:

COUNSEL FOR APPELLEES,     James Scott Smith, 538 Sixth Street,
ALBERT & JOANNA HYLAND:  Portsmouth, Ohio 45662

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-31-11

ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of Brenda Emmons, Jeffrey Emmons and Charles Emmons, Jr. (Emmons) and Albert and Joanna Hyland (Hylands) on claims brought against them by Michael and Beulah White, plaintiffs below and appellants herein.

{¶ 2}    Appellants assign the following error for review:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN
IT DECIDED AND ORDERED THAT THE APPELLEES
ESTABLISHED AN EASEMENT BY PRESCRIPTION AND AN
EASEMENT BY ESTOPPEL OVER APPELLANT'S
PROPERTY." (Footnote omitted.)

{¶ 3}    The parties are contiguous landowners in Union Township, Scioto County. Appellants commenced the instant action on August 3, 2007 and alleged that appellees trespassed over a "path" on their property.[1]   They asked, inter alia, (1) that title to that area be quieted in their favor, and (2) $25,000 in damages.   Appellees denied liability and alleged that the path is a right-of-way over appellants' property and provides access to their land.   The Emmons and Hylands also counterclaimed and alleged various theories by which they, or their predecessors in title, established an easement over the path.   They requested the court to recognize or "establish" that easement over the servient estate, together with $25,000 in damages and a permanent injunction to bar appellants from interfering with their use of that easement.   Appellants denied those claims.

{¶ 4}    After a bench trial, the trial court issued an extensive Decision and Judgment Entry.   Despite a number of references to the right-of-way as a "road" or "roadway," both in deeds and from witness testimony, the court found no evidence in the chains of title that an express easement was granted over appellants' property.   As to claims of an easement by necessity, the court found that the evidence adduced at trial did not support such a claim for any of the appellees.   The court did, however, find that the Hylands established an easement by

---

[1] The Hylands were not originally part of this action.     Allen and Kelly Wooten were defendants on the first complaint, but in 2008 sold their property to the Hylands who then became parties.

adverse possession as the evidence adduced at trial revealed continual use of the path or easement by their predecessors in title "for over sixty years."

{¶ 5}  No such use was established as to the Emmons property, the trial court ruled, and thus they could not prove an easement by prescription.   However, evidence was adduced to show that appellants encouraged both sets of appellees to expend funds to maintain the right-of-way and that appellants communicated with the parties representing to appellees, or their predecessors in title, that they had an easement over appellants' property.   The trial court found sufficient evidence to establish an easement by estoppel over the servient estate for both the Emmons and the Hylands.

{¶ 6}  Additionally, no reference appears in the entry regarding appellees' demands for compensatory damages or the permanent injunction against appellants.   The trial court did find, however, "no just cause for delay."   This appeal followed.

{¶ 7}  Before we can review the merits of this appeal, we must first decide a threshold jurisdictional issue. Appellate courts have jurisdiction to review the final orders of inferior courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02.   A final order is one that affects a substantial right and, in effect, determines the action. R.C. 2505.02(B)(1).   If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. See General Acc. Ins. Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.   If the parties involved in the appeal do not raise this jurisdictional issue, appellate courts must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶ 8}   In the case sub judice, the judgment being appealed addresses one of three remedies demanded in the two appellees' counterclaims.   The judgment does establish the easement, but does not resolve appellees' prayers for damages or their demand for a permanent injunction.   Therefore, the action is not "determined" and we do not have a final appealable order.

{¶ 9}   We recognize that the judgment includes the Civ.R. 54(B) finding of "no just reason for delay."   That inclusion does not, however, cure the defect.   Civ.R. 54(B) addresses claims for relief, rather than the component parts of those claims.   Damages are a remedy for a claim, but not a claim in and of themselves.   A judgment that determines other parts of a claim, but not damages, does not constitute a final appealable order.   See e.g. Dickson & Campbell, L.L.C. v. Marshall, Cuyahoga App. No. 90963, 2010-Ohio-2878, at ¶10; Eastley v. Volkman, Scioto App. No. No. 08CA3223, 2009-Ohio-522, at ¶17.   Similarly, a "permanent injunction" (like damages) is regarded as a remedy rather than a claim. See e.g., Foster v. Wickliffe, 175 Ohio App.3d 526, 888 N.E.2d 422, 2007-Ohio-7132, at ¶87; State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs., Cuyahoga App. No. 93058, 2009-Ohio-5573, at ¶31; Smead v. Graves, Summit App. No. No. 23770, 2008-Ohio-115, at ¶9.   Thus, Civ.R. 54(B) has no application and does not render the judgment either final or appealable.

{¶ 10}   Therefore, until the two remedy requests are resolved, we have no jurisdiction to consider this appeal.   Accordingly, we hereby dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion
                                     For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.