[Cite as *Stubbs v. Sybene Missionary Baptist Church, Inc.*, 2021-Ohio-3454.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Juanita Stubbs, | : | Case No. 20CA9 |
| Plaintiff-Appellant, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Sybene Missionary Baptist Church, Inc., et al., | : | |
| | : | **RELEASED 9/23/2021** |
| Defendants-Appellees. | | |

_____
<u>APPEARANCES</u>:

Tyler C. Haslam, Haslam Law Firm LLC, Proctorville, Ohio, and Matthew P. Stapleton, Stapleton Law Offices, Huntington, West Virginia, for appellant.

Emily D. Edmundson, GuideOne Insurance, Des Moines, Iowa, and Frank H. Scialdone, Mazanec, Raskin & Ryder Co., L.P.A., Cleveland, Ohio, for appellee.

_____
Hess, J.

{¶1} Juanita Stubbs appeals from a judgment of the Lawrence County Court of Common Pleas granting Sybene Missionary Baptist Church, Inc.'s motion for summary judgment on her negligence claim against it. In her sole assignment of error, Stubbs challenges the grant of summary judgment. However, the church met its initial burden to demonstrate entitlement to summary judgment, and Stubbs did not meet her reciprocal burden to set forth specific facts to show that there was a genuine issue for trial. Therefore, we overrule the sole assignment of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}   In August 2019, Stubbs filed a complaint against Sybene Missionary Baptist Church, Inc. and various "John Doe" defendants alleging they owned or were otherwise connected to the premises located at 9231 County Road 1 in South Point, Ohio.  She claimed that on or about September 5, 2017, she was on the premises as a volunteer, and the defendants breached duties to exercise reasonable care to protect her from injury by allowing "unreasonably slippery and hazardous conditions to exist on the facility floors."   As a result, she fell and suffered various injuries. The record indicates that the church and one John Doe defendant received service of process via certified mail.  Only the church filed an answer to the complaint.

{¶3}   During discovery, depositions were taken of Stubbs, Robert Watkins, and Brenda White.  Stubbs testified that she lives across the road from the church and went there on Tuesday, September 5, 2017, around 10:00 a.m.  The church had a sale in the fellowship hall the previous Saturday, and Stubbs went there to clean it and take leftover sale items for herself.  Brenda White was there, and two women Stubbs did not know were also there to take leftover items.  Stubbs picked out items that she wanted and put them in boxes for her husband to take.  At some point, she started sweeping the floor with a dust mop and fell by a freezer.  When she fell, she saw that the floor was wet.  However, she testified that there was not a puddle on the floor, that she did not remember how big the wet spot was, that she did not remember if the wet spot had any color to it, that she did not know what the spot was, that she did not see the source of it, that she had no idea why the floor was wet, and that she did not know how long it had been wet.  Stubbs testified that it was not raining that day, that she was not drinking

anything in the fellowship hall, that she did not know whether the other women were but did not recall anyone holding a beverage or cup, and that no one used a cleaning product on the floor. As a result of the fall, she broke her left leg and a finger and injured another finger.

{¶4} Watkins testified that he volunteers at the church as the senior deacon and a trustee. In his trustee role, he is like a handyman. Watkins testified that any time he goes to the church, he inspects all of the buildings. When asked what time he got to the church the morning of the fall, Watkins testified that he generally arrives around 7:30 a.m. to "check out anything before anything's going on." He probably left around 8:00 am. He testified that there was a rummage sale in the fellowship hall the previous weekend, and he looked "through the whole building" to make sure there was "nothing down" and the "lights [were] off and everything." Watkins testified that White was responsible for keeping the fellowship hall "clean and everything, unless it needed deep cleaning," which he did. When asked whether he knew if White had cleaned the fellowship hall that morning, Watkins testified, "No. There was no need." Watkins testified that in the area he had heard the fall occurred, there had not been issues with water on the floor or with the roof or freezer leaking. He testified that the freezer had been used "for a drink station" and had "[a] big coffee urn set on top of it." He was not aware of any falls at the church except the one involving Stubbs, which he did not learn about until she filed her lawsuit.

{¶5} White testified that she was a church volunteer at the time Stubbs fell. White was responsible for organizing the annual church yard sale and cleaning the fellowship hall. The day of the incident, she arrived at the church sometime in the

afternoon to pack up unsold items from the sale.  Goodwill did not want certain items, so she walked across the street and asked Stubbs "if she would like to have the rummage." Stubbs did, came to the fellowship hall, and she and White packed up items which Stubbs's husband loaded into a van.  At one point, White turned away from Stubbs, and when White turned back, Stubbs was "laid up against the freezer."  Stubbs said she had fallen, but White did not see or hear her fall, did not see any liquid on the floor in the area where Stubbs fell, and "couldn't understand how she fell." White testified that Stubbs was not cleaning at the time of the fall and that White is "the one that does all the cleaning."  White did not clean the fellowship hall that morning because she "had to get the boxes out of the way first * * *."  White testified that other than Stubbs and her husband, no one else was in the fellowship hall with her that day.  White testified that she has fallen on church grounds before but blamed her shoes for the falls. She was not aware of anyone else falling on church grounds.

{¶6}   The church filed a motion for summary judgment which Stubbs opposed. In October 2020, the court granted the motion, concluding Stubbs was unable to prove that the church breached its duty of care.  The court explained:

> With respect to the instant matter, both parties submitted the deposition transcripts of Roger Watkins, Brenda White and Juanita Stubbs.  Roger Watkins testified during his deposition that he inspected the church building, where the Plaintiff's accident was alleged to have occurred, on the morning of the accident.  Mr. Watkins did not testify to seeing liquid on the floor.  Further, he testified that there had been no issues whatsoever with neither water that would come or pool anywhere on the floor, such as a leaky roof, nor water leaking from the freezer.  In addition, Brenda White denied seeing liquid of any kind on the floor during her testimony. Accordingly, Plaintiff failed to establish direct proof that Defendant failed to exercise due care and that such failure was a proximate cause of her injury.  Specifically, Plaintiff has failed to offer evidence proving that Defendant had actual knowledge of the  alleged hazard.  Likewise, Plaintiff has  failed  to  offer  evidence  proving  Defendant  had  constructive

knowledge of the alleged hazard as Plaintiff has failed to produce evidence showing how the alleged hazard came to be on the floor and how long the alleged hazard existed prior to Plaintiff's fall.

## II. ASSIGNMENT OF ERROR

{¶7}    Stubbs presents one assignment of error:

The trial court erred when it granted summary judgment in a slip and fall case after Plaintiff-Appellant demonstrated a reasonable inference concerning the negligence of Defendant-Appellees [sic] and there exist genuine issues of material fact about the duty owed by Defendant-Appellees [sic] to Plaintiff-Appellant.

## III. JURISDICTION

{¶8}    As a preliminary matter, we address a jurisdictional issue.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2).  "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal."  *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8.  "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte."  *Id.*

{¶9}    An order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order.  *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  " 'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch

thereof and leave nothing for the determination of the court.' " *State ex rel. Sands v. Culotta*, ___ Ohio St.3d ___, 2021-Ohio-1137, ___ N.E.3d ___, ¶ 8, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶10} "Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order." *Clifton* at ¶ 10.  Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."  "Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Clifton* at ¶ 10.  The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * *, as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

{¶11} Here, the complaint set forth negligence claims against the church and various John Doe defendants. The trial court's entry granting the church summary judgment does not address the claims against the John Doe defendants.  The entry also does not state that there is no just reason for delay.

**{¶12}** Nonetheless, we conclude that the trial court's failure to explicitly resolve the claims against the John Doe defendants does not prevent its summary judgment entry from being a final, appealable order. Civ.R. 15(D) states:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof *must be served personally upon the defendant*.

(Emphasis added.) In addition, Civ.R. 3(A) states: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." The record does not reflect that Stubbs obtained personal service on any of the John Doe defendants within one year of filing her complaint. As a result, she never commenced an action against them, and her claims against them do not prevent the trial court's summary judgment entry from being a final, appealable order. *See Eastley v. Volkman*, 4th Dist. Scioto No. 08CA3223, 2009-Ohio-522, ¶ 15 (entry's failure to address claims against John Doe defendants did not prevent it from being a final order because plaintiff did not obtain service on them within the time prescribed by Civ.R. 3(A), and therefore, never commenced an action against them).

## IV. SUMMARY JUDGMENT

**{¶13}** In her sole assignment of error, Stubbs contends that the trial court erred when it granted the church summary judgment. Stubbs asserts that she was an invitee at the church and that there is a genuine issue of material fact regarding whether the church breached its duty to exercise ordinary care in maintaining the fellowship hall in a

reasonably safe condition. Stubbs claims that her testimony that the floor was wet when she was injured supports an inference that the church was negligent. Stubbs also claims that evidence that the weekend prior to the fall, there was a drink station on the freezer she fell by supports "a reasonable inference that [the church] did not exercise ordinary care to discover and remove the hazard" before she fell.

{¶14} We review a trial court's decision on a motion for summary judgment de novo. *Harter v. Chillicothe Long-Term Care, Inc.,* 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12. We afford no deference to the trial court's decision but rather conduct an independent review to determine whether summary judgment is appropriate. *Id.* "A summary judgment is appropriate only when: (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law." *Hawk v. Menasha Packaging*, 4th Dist. Ross No. 07CA2966, 2008-Ohio-483, ¶ 6.

{¶15} "The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law." *DeepRock Disposal Solutions, LLC v. Forté Prods., LLC*, 4th Dist. Washington No. 20CA15, 2021-Ohio-1436, ¶ 68. "To meet its burden, the moving party must specifically refer to 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action,' that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.*, quoting Civ.R. 56(C). "Once that burden is met, the nonmoving party then has a

reciprocal burden to set forth specific facts to show that there is a genuine issue for trial." *Id.* at ¶ 68.

**{¶16}** "A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury." *Allen v. Rankin*, 4th Dist. Pickaway No. 12CA10, 2013-Ohio-456, ¶ 21.

### A. Duty

**{¶17}** "In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed." *Id.* at ¶ 22. In this case, there is summary judgment evidence to support the conclusion that Stubbs was an invitee, i.e., "an individual 'who rightfully come[s] upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner.' " (Alteration sic.) *Wright v. Village of Williamsport*, 2019-Ohio-2682, 140 N.E.3d 1, ¶ 24 (4th Dist.), quoting *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). There is evidence Stubbs was at the fellowship hall by invitation to provide the church with cleaning services and take unwanted leftover items from a church sale.

**{¶18}** " 'It is generally held that the occupier of premises, who invites another to enter upon the premises for some purpose of interest or advantage to such occupier, owes to the person so invited a duty to use ordinary care to have [the] premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation.' " *Lampe v. Magoulakis*, 159 Ohio St. 72, 75, 111 N.E.2d 7 (1953), quoting *Drexler v. Labay*, 155 Ohio St. 244, 251, 98 N.E.2d 410 (1951). "Keeping the premises

in a reasonably safe condition generally means that a premises owner (1) must not create a dangerous condition on its premises, and (2) must warn its invitees of latent or concealed dangers, if the premises owner has actual or constructive knowledge of those dangers." *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, 993 N.E.2d 808, ¶ 18 (4th Dist.). "The premises owner also must ' "inspect the premises to discover possible dangerous conditions of which [the premises owner] does not know." ' " (Alteration sic.) *Id.*, quoting *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978), quoting *Prosser on Torts*, 392-393 (4th Ed.1971). " 'A premises owner or occupier will be charged with constructive notice of hazards * * * that would have been revealed by a reasonable inspection.' " (Omission sic.) *Id.*, quoting *Hansen v. Wal-Mart Stores, Inc.*, 4th Dist. Ross No. 07CA2990, 2008-Ohio-2477, ¶ 11.

### B. Breach

**{¶19}** "Whether a premises owner breached the standard of care ordinarily is a factual question left to the jury." *Id.* at ¶ 21. " 'However, where there is no genuine issue of fact for the jury to decide, a court may grant summary judgment if the moving party is otherwise entitled to judgment as a matter of law.' " *Id.*, quoting *Hansen* at ¶ 12.

**{¶20}** To establish that the premises owner failed to exercise ordinary care, the plaintiff must show that

> (1) the premises owner created the hazard; (2) the premises owner possessed actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. * * *
>
> The mere occurrence of an injury does not lead to an inference that the premises owner breached the standard of care. Rather, "there must be direct proof of a fact from which the inference can reasonably be drawn." *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 319, 116 N.E.2d 300

(1953).  "A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking."  *Id.*  Therefore, " 'it is incumbent on the plaintiff to show how and why any injury occurred-to develop facts from which it can be determined by a jury that the Defendant failed to exercise due care and that such failure was a proximate cause of the injury.' "  *Hodge v. K-Mart Corp.*, 4th Dist. No. 93CA528, 1995 WL 23358 (Jan. 18, 1995), quoting *Boles v. Montgomery Ward*, 153 Ohio St. 381, 389, 92 N.E.2d 9 (1950).

*Id.* at ¶ 22-23.

**{¶21}** To show a premises owner had constructive knowledge of the hazard, evidence of how long it existed " 'is mandatory.' "  *Id.* at ¶ 47, quoting *Harrison v. The Andersons, Inc.,* 6th Dist. Lucas No. L-99-1368, 2000 WL 819057, *2 (June 23, 2000). "Without such evidence, it is impossible to determine whether a premises owner should have discovered the hazard upon a reasonable inspection."  *Id.*  "Thus, if a plaintiff fails to present evidence showing how long the alleged hazard existed, then the plaintiff cannot show that the defendant breached the standard of care."  *Id.* at ¶ 48.  " 'Ohio appellate courts have routinely affirmed summary judgments or directed verdicts in favor of defendants where the plaintiff fails to produce evidence of how the [hazard] came to be on the floor and how long it had been there before the plaintiff's fall.' " (Alteration sic.)  *Id.*, quoting *Sharp v. The Andersons, Inc.*, 10th Dist. Franklin No. 06AP-81, 2006-Ohio-4075, ¶ 13.

**{¶22}** Here, the church met its initial burden to demonstrate entitlement to summary judgment by specifically referring to deposition testimony which demonstrates that Stubbs cannot establish that the church breached a duty of care owed to her, and Stubbs failed to then meet her reciprocal burden.  There is no evidence that the church created the alleged wet spot on the floor or had actual or constructive knowledge of it. Evidence that the floor was wet when Stubbs fell does not, standing alone, support an

inference that the church created the wet spot or knew or should have known about it. There is no evidence about the source of the wet spot or how long it existed prior to the fall. Stubbs's suggestion that it was liquid from a drink station and had been present for a few days before the fall is mere speculation. There is no evidence of any spill or leak at the drink station. Watkins inspected the fellowship hall the morning of the fall and evidently did not see the wet spot because he testified that "[t]here was no need" for White to clean the fellowship hall that morning. White did not see any liquid on the floor in the area where Stubbs fell. Stubbs did not see the wet spot until she fell, and she did not know what it was, its size or color, where it came from, or how long it had been on the floor prior to her fall. Therefore, she cannot establish that the church should have discovered the hazard upon a reasonable inspection.

{¶23} For the foregoing reasons, we conclude that no genuine issue of material fact exists, that reasonable minds can come to but one conclusion when viewing the evidence in favor of Stubbs and that conclusion is adverse to her, and that the church was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment to the church. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
     Michael D. Hess, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**