[Cite as *Fitzgerald v. Cuyahoga Cty.*, 2011-Ohio-3476.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96333**

## ARNETTA FITZGERALD

PLAINTIFF-APPELLANT

vs.

## COUNTY OF CUYAHOGA, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-738363

BEFORE:     Blackmon, J., Kilbane, A.J., and Cooney, J.

RELEASED AND JOURNALIZED: July 14, 2011
ATTORNEY FOR APPELLANT

Paul M. Kaufman
801 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEES

William D. Mason
Cuyahoga County Prosecutor

Steven W. Ritz
Assistant County Prosecutor
3955 Euclid Avenue, Room 305E
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

{¶ 1}   Appellant Arnetta Fitzgerald appeals the trial court's dismissal of her complaint and assigns the following error for our review:

> **"I. The trial court erred in granting defendants-appellees' motion to dismiss.  (A) Sovereign immunity violates the United States Constitution and the Ohio Constitution and should be judicially abolished."**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} The instant matter arises out of the October 24, 2009 death of Fitzgerald's grandson, Arshon Baker, who died as a result of being beaten by his mother, Angel Glass. On October 5, 2010, Fitzgerald, as administrator of her grandson's estate, filed a complaint against Cuyahoga County Department of Children and Family Services ("CCDCFS") for negligence and wrongful death.

{¶ 4} According to the complaint, Fitzgerald alleged that Baker was under the care and supervision of CCDCFS's social workers, supervisors, and related staff. Fitzgerald alleged that CCDCFS failed to provide Baker with safe and acceptable social services care. Fitzgerald specifically alleged that as a result of CCDCFS's negligent acts and/or omissions, Baker sustained injuries, which resulted in his death.

{¶ 5} On December 3, 2010, CCDCFS filed a motion to dismiss Fitzgerald's complaint on the basis of sovereign or governmental immunity. In response to CCDCFS's motion, Fitzgerald argued that governmental immunity as applied to the case was unconstitutional. On December 29, 2010, the trial court granted CCDCFS's motion to dismiss the complaint.

## Governmental Immunity

**{¶ 6}** In the sole assigned error, Fitzgerald argues the trial court erred in granting CCDCFS's motion to dismiss. We disagree.

**{¶ 7}** We review an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Silver v. Krulak*, Cuyahoga App. No. 93285, 2011-Ohio-1666. We afford no deference to the trial court's decision and independently review the record to determine whether the dismissal was appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637.

**{¶ 8}** During oral argument, Fitgerald's counsel conceded that CCDCFS is immune under R.C. 2744, which provides for governmental immunity, and acknowledged that willful, wanton, or reckless conduct was not alleged in Fitzgerald's complaint. Fitzgerald's only issue is that R.C. 2744 is unconstitutional.

**{¶ 9}** However, the Ohio Supreme Court in *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, refused to revisit the constitutionality of R.C. Chapter 2744, and stated: "In reviewing our precedent and that of numerous appellate courts, we conclude that this issue is one that is settled and need not be discussed any further in this case." Id., see, also, *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 670, 1995-Ohio-295, 653 N.E.2d 1186, ("[w]e hold that R.C. 2744.02(B)(1) is a constitutional exercise of legislative authority which does not violate the guarantees of equal protection

of the Ohio and United States Constitutions because its grant of limited immunity of political subdivisions is rationally related to legitimate state interest").

{¶ 10} As such, Fitzgerald's constitutional challenge is without merit. Given that Fitzgerald is unable to prove any set of facts entitling her to relief, the trial court did not err in granting CCDCFS's motion to dismiss the complaint. Accordingly, we overrule the sole assigned error.

Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR