[Cite as *Fitzgerald v. Cuyahoga*, 2012-Ohio-2638.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97772**

## ARNETTA FITZGERALD

PLAINTIFF-APPELLANT

vs.

## COUNTY OF CUYAHOGA, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-762300

**BEFORE:**   Kilbane, J., Blackmon, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   June 14, 2012

**ATTORNEY FOR APPELLANT**

Paul M. Kaufman
801 Terminal Tower
50 Public Square
Cleveland, Ohio 44113-2203

**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor
Steven W. Ritz
Assistant County Prosecutor
3955 Euclid Avenue, Room 305E
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Plaintiff-appellant, Arnetta Fitzgerald ("Fitzgerald"), appeals the trial court's order granting summary judgment in favor of defendants-appellees Cuyahoga County, Cuyahoga County Department of Children and Family Services ("CCDCFS"), Deborah Forkas, former director of CCDCFS, Alan Shubert, Jillian Blackwell, and Chararie Ragland (collectively referred to as "defendants"). Finding no merit to the appeal, we affirm.

{¶3} The instant appeal arises out of the October 2009 death of Fitzgerald's five-year-old grandson, Arshon Baker ("Baker"). Baker died as a result of being beaten by his mother, Angel Glass.

{¶4} In October 2010, Fitzgerald, as administrator of her grandson's estate, filed a complaint against CCDCFS for negligence and wrongful death.

*See Fitzgerald v. Cuyahoga Cty.*, Cuyahoga C.P. No. CV-10-738363 (prior case).

> Fitzgerald alleged that Baker was under the care and supervision of CCDCFS's social workers, supervisors, and related staff. Fitzgerald alleged that CCDCFS failed to provide Baker with safe and acceptable social services care. Fitzgerald specifically alleged that as a result of CCDCFS's negligent acts and/or omissions, Baker sustained injuries, which resulted in his death.

*Fitzgerald v. Cuyahoga Cty.*, 8th Dist. No. 96333, 2011-Ohio-3476, ¶ 4 ("*Fitzgerald I*").

**{¶5}** CCDCFS filed a motion to dismiss Fitzgerald's complaint on the basis of governmental immunity. In response to CCDCFS's motion, Fitzgerald amended her complaint by adding a count for "bad faith, wanton misconduct and/or reckless behavior as stated in [R.C. 2744.03(A)(6)(b)]." In response, CCDCFS argued that Fitzgerald's amendment is futile because governmental immunity still applies, and the reckless and wanton conduct count failed to state a claim upon which relief could be granted. Fitzgerald then argued that the governmental immunity statute as applied to the case was unconstitutional. The trial court granted CCDCFS's motion to dismiss the complaint, and Fitzgerald appealed to this court in *Fitzgerald I*.

**{¶6}** On appeal, Fitzgerald argued that the trial court erred in granting CCDCFS's motion to dismiss because R.C. 2744 is unconstitutional. In finding that Fitzgerald's constitutional challenge is without merit, we noted that in *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 95, the Ohio Supreme Court refused to revisit the constitutionality of R.C. Chapter 2744 (where the court concluded that this issue is one that is settled). We concluded: "[g]iven that Fitzgerald is unable to prove any set of facts entitling her to relief, the trial court did not err in granting CCDCFS's motion to dismiss the complaint." *Fitzgerald I* at ¶ 10.

**{¶7}** Then in August 2011, Fitzgerald refiled her complaint against defendants, again alleging that Baker was under the care and supervision of CCDCFS's social workers, and supervisors. She further alleged that under R.C. 2744.03(A)(6)(b), defendants were negligent because the service they provided Baker "constitutes omissions

of the Defendants which were rendered in bad faith and/or wanton or a reckless manner." In response, defendants filed a "motion for judgment on the pleadings and/or summary judgment" arguing res judicata, failure to state a claim, and governmental immunity under R.C. Chapter 2744. The trial court gave notice that it was treating the motion as a motion for summary judgment and gave Fitzgerald the opportunity to respond to defendants' motion. Fitzgerald argued that the current complaint does not contain the same allegations as the first amended complaint in her prior case. The trial court granted defendants' motion for summary judgment, stating that the order was final and there was no just reason for delay.

{¶8} It is from this order that Fitzgerald appeals, raising the following single assignment of error for review.

### ASSIGNMENT OF ERROR

The trial court erred in granting [defendant's] motion for summary judgment.

{¶9} In the sole assignment of error, Fitzgerald argues that there are numerous issues of material fact and res judicata does not apply because when the trial court dismissed the first amended complaint in the prior case, it did not adjudicate the issue of "wanton and willful" misconduct. We disagree.

{¶10} In the instant case, Fitzgerald amended the complaint in her prior case by adding a count for "bad faith, wanton misconduct and/or reckless behavior as stated in [R.C. 2744.03(A)(6)(b)]." The trial court dismissed the amended complaint, with

prejudice, finding that Fitzgerald failed to state a claim upon which relief can be granted under Civ.R. 12(B)(6). The trial court further stated that:

> This court does recognize an exception to immunity based on claims for bad faith, wanton misconduct and/or reckless behavior. However, as argued by the defendants this court must decide whether the mere allegation of wanton and/or reckless misconduct is sufficient to state a claim for liability. The Ohio Supreme Court and this district's court of appeals have held that mere allegations of wanton misconduct without any factual allegations are not sufficient to survive a motion to dismiss and that while a court has an obligation to accept factual allegations as true that obligation does not extend to unsupported legal conclusions. [*Hodge v. Cleveland*, 8th Dist. No. 72283, 1998 WL 742171 (Oct. 22, 1998)]; *see also* [*Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991)]. [Fitzgerald] failed to allege any facts in the complaint that might constitute wanton or reckless conduct and rather simply stated legal conclusions.

{¶11} We recognize that under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, at the syllabus.

{¶12} Res judicata requires the plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. No. 90955, 2008-Ohio-5350, ¶ 7. In order for a claim to be barred on the grounds of res judicata, the following four elements must be met: "'(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the

transaction or occurrence that was the subject matter of the previous action.'" *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶84, quoting *Hapgood v. Warren*, 127 F.3d 490 (6th Cir.1997).

{¶13} Here, we find that all four elements have been met. The trial court dismissed the first amended complaint in Fitzgerald's prior case with prejudice. The Ohio Supreme Court has found that a dismissal with prejudice is a final judgment for purposes of res judicata. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69, 551 N.E.2d 122 (1990). Furthermore, Fitzgerald's complaint in the instant case alleges the same causes of action against the same defendants arising from the same incident — the death of her grandson. Count IV of Fitzgerald's first amended complaint alleges claims for "bad faith, wanton misconduct and/or reckless behavior as stated in [R.C. 2744.03(A)(6)(b)]" and in Count II of her current complaint, Fitzgerald alleges that under R.C. 2744.03(A)(6)(b), the "omissions of the Defendants * * * were rendered in bad faith and/or wanton or a reckless manner." Fitzgerald could have raised the "bad faith, wanton misconduct and/or reckless behavior" argument in her prior appeal, but failed to do so. Thus, Fitzgerald's argument is barred by res judicata.

{¶14} The sole assignment of error is overruled.

{¶15} Accordingly, judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR